## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JASON BYRLEY,                                  CASE NO.:

     Plaintiff,

vs.

JOHNS HOPKINS ALL
CHILDREN'S HOSPITAL, INC.,
a Florida Not For Profit Corporation,

     Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON BYRLEY ("Mr. Byrley" or "Plaintiff"), by and through his undersigned counsel, sues the Defendant, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC. ("Johns Hopkins" or "Defendant") and alleges the following:

1.    Plaintiff brings these claims against Defendant for sexual orientation discrimination and retaliation in violation of Title VII ("Title VII") and the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2.    This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit

occurred in Pinellas County, Florida.

3.      The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claims that it forms part of the same case or controversy.

4.      Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about April 29, 2020.

5.      On or about July 16, 2021, Plaintiff received his Notice of Right to Sue from the EEOC giving him 90 days to file a lawsuit upon his receipt of same.

6.      More than 180 days have passed since the filing of the Charge of Discrimination.

7.      Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

8.      All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9.      Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

10.     Plaintiff is protected by Title VII and FCRA because:

        a.      He identifies as a gay man;

        b.      He suffered discrimination and retaliation by Defendant on

the basis of his sex/gender, sexual orientation, and gender-non conformity; and

       c.     He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on sex/gender, sexual orientation, and gender-non conformity, including being terminated for same.

11.    Defendant is a Florida Not For Profit Corporation that is registered to do business in the state of Florida, including, among other places, Pinellas County, Florida.

12.    Defendant was at all material times an "employer" as defined Title VII/FCRA, as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

13.    Mr. Byrley worked as an Administrative Coordinator for Johns Hopkins from February 4, 2019, until his termination on December 16, 2019.

14.    During his tenure, Mr. Byrley was an excellent employee, who had no significant history of performance or disciplinary issues.

15.    In fact, Mr. Byrley worked without issue until his manager discovered that he identifies as gay.

16.    Accordingly, around March 14, 2019, while working his scheduled shift, Mr. Byrley's co-worker asked Mr. Byrley if he had any plans for the weekend.

17.    Innocently, Mr. Byrley revealed that he was going out with his boyfriend that weekend.

18.    While Mr. Byrley's co-worker did not find this news startling or strange, Senior Director, Christine Hancock ("Ms. Hancock"), who overheard the exchange,

exhibited a much more prejudiced response.

19.     Specifically, Ms. Hancock's visage immediately twisted to one of shock and displeasure and she quickly walked away.

20.     Ms. Hancock further displayed her discriminatory animus against Mr. Byrley by continuously and unfairly disciplining him and berating him for minor occurrences such as coming in to work one minute early.

21.     This treatment only began after Ms. Hancock became aware of our Mr. Byrley's sexuality.

22.     The discrimination reached its zenith on November 5, 2019, when Mr. Byrley heard Ms. Hancock speaking to Director, Jayne Behlau ("Ms. Behlau").

23.     As the two stood in the doorway of Jayne's office discussing an upcoming finance meeting with the Johns Hopkins Gender Dysphoria Clinic, Ms. Hancock exclaimed, "can you believe we have to go to this? I can't believe we even have this clinic!"

24.     Instead of being taken aback at Ms. Hancock's comment, Ms. Behlau shockingly agreed with her, and commented that the Gender Clinic will not "change who [the patients] are," and that Gender Dysphoria was a "made-up" condition.

25.     These comments showcase that Johns Hopkins' upper management possesses an archaic negative view of queer individuals, including Mr. Byrley.

26.     As such, Ms. Hancock and Ms. Behlau's comments are direct evidence of discrimination in violation of Title VII/FCRA.

27.     Unable to withstand the harassment any longer, on November 22, 2019,

Mr. Byrley contacted Human Resources Representative, Cassandra Camestro ("Ms. Camestro"), and specifically objected to Ms. Hancock's discriminatory disciplinary actions and offensive comments.

28.     Hearing this, in response, Ms. Camestro dismissed Mr. Byrley's objections.

29.     Taken aback at Ms. Camestro's methods, Mr. Byrley proposed that he could be moved to a different position where he would not work under Ms. Hancock.

30.     Accordingly, Ms. Camestro informed Mr. Byrley that there were other open positions that he could apply for, which Plaintiff did.

31.     Shockingly, however, despite Mr. Byrley's objections, neither Ms. Camestro, nor any other Johns Hopkin's manager ever initiated an investigation or inquiry into Ms. Hancock's discriminatory actions

32.     As time passed, Mr. Byrley attempted to contact Ms. Camestro regarding the objections he levied and the possibility of transferring from Ms. Hancock's supervision, but Ms. Camestro ignored him.

33.     As a result, Ms. Hancock was able to continue discriminating and retaliating against Mr. Byrley until December 16, 2019, when she terminated him.

34.     It is evident that Johns Hopkins fired Plaintiff due to his sexuality and in retaliation to his objections in clear violation of Title VII/FCRA.

35.     Title VII and the FCRA prohibit sexual orientation discrimination in the workplace, and protects employees from retaliation when they object to same.

36.     Plaintiff's termination constitutes an adverse action as defined by Title

VII/FCRA.

37.     Plaintiff suffered an adverse action as a result of his sexual orientation and his objections to sexual orientation discrimination.

38.     At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

39.     Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

40.     Plaintiff has suffered damages as a result of Defendant's illegal conduct towards him.

41.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  DISCRIMINATION IN
## VIOLATION OF TITLE VII BASED ON SEXUAL ORIENTATION

42.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 41 of the Complaint as if fully set forth in this Count.

43.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under Title VII.

44.     The discrimination to which Plaintiff was subjected was based on his sexual orientation.

45.     Title VII prohibits sexual orientation discrimination in the workplace. *See*

*Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020).

46.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

47.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

49.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

50.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 41 of the Complaint as if fully set forth in this Count.

51.     The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq.*

52.     The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on his sexual

orientation.

53.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

55.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

56.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

**COUNT III:  DISCRIMINATION IN
VIOLATION OF THE FCRA BASED ON SEXUAL ORIENTATION**

57.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 41 of the Complaint as if fully set forth in this Count.

58.     The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against sexual orientation discrimination under the FCRA.

59.     The discrimination to which Plaintiff was subjected was based on his sexual orientation.

60.     FCRA prohibits sexual orientation discrimination in the workplace. See *Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020); *Fla. Dept. of Community Affairs v. Bryant*, 586 So. 2d 1205 (Fla. 1st DCA 1991) ("Because [the FCRA] is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, federal case law dealing with Title VII is applicable.").

61.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

62.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

63.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

64.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT IV:  RETALIATION IN
## VIOLATION OF THE FCRA BASED ON OBJECTIONS TO SEXUAL
## ORIENTATION DISCRIMINATION

65.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 41 of the Complaint as if fully set forth in this Count.

66.     The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under the FCRA.

67.     The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on his sexual orientation.

68.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

70.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

71.     Plaintiff has no plain, adequate or complete remedy at law for the actions

of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 29th day of September, 2021.

By: *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com